CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Candice Clipner, Esq., SBN 215379
Claire Cylkowski, Esq., SBN 335352
Prathima Price, Esq., SBN 321378
100 Pine St., Ste 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
Prathimap@potterhandy.com

Attorneys for Plaintiff


Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax: (888) 235-4279
pstillman@stillmanassociates.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, <br><br> Plaintiff, <br><br> v. <br><br> **Bistro Maxine, LLC**, a California Limited Liability Company <br><br> Defendant | Case No. 3:21-cv-05777-TSH <br><br> **Joint Case Management Statement** <br><br> Date:  August 18, 2022 <br> Time:  10:00 a.m. <br>            Videoconference <br><br> Honorable Judge Thomas S. Hixson |

The parties submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018 and Civil Local Rule 16-9.

1

## 1. Jurisdiction & Service

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This court has supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint was served on Defendant on or about September 18, 2021.

## 2. Facts:

<u>Plaintiff</u>: Scott Johnson is a level C-5 quadriplegic. He cannot walk and has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van. Defendant Bistro Maxine, LLC owns Bistro Maxine ("Restaurant") located at or about 548 Ramona St, Palo Alto, California.

On the dates of the plaintiff's visits, the defendants failed to provide wheelchair accessible outside dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff. One problem that plaintiff encountered was the lack of sufficient knee or toe clearance under the outside dining surfaces for wheelchair users.

Defendant's failure to provide for wheelchair accessible dining surfaces at the Restaurant is a violation of the ADA and is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the

American with Disabilities Act and the Unruh Civil Rights Act. Plaintiff seeks injunctive relief and the statutory minimum damage award.

<u>Defendant</u>: Mr. Johnson, who is disabled, has sued 572 businesses in the Northern District of California over the past twelve months, all of which are more than 100 miles from his residence, which is located in the Eastern District of California. This does not include the other approximately 2,000 businesses that Johnson has sued in the Northern District over the past five years. Defendants contend that Mr. Johnson *personally* did not experience any alleged barriers, had no *bona fide* intent to patronize Defendant's business, and did not have and continues not to have a *bona fide* intent to return to the business. Moreover, it is undisputed from the Joint Site Inspection that there is sufficient and compliant outdoor seating. Johnson disputes whether there was compliant accessible outdoor seating at all times relevant to the complaint, at least prior to the Joint Site Inspection. Accordingly, Defendants will be seeking limited jurisdictional discovery as allowed in several other *Johnson* cases, and an evidentiary hearing before this Court, where this Court can determine these issues and judge Mr. Johnson's credibility.

### 3. Legal Issues

The disputed legal issues are: (1) Whether the defendant's property meets the minimum standards of the ADA; state disability laws and other codes; (2) whether the defendants are responsible under the law to remove barriers purported to be present; (3) whether the barriers purported to be present are readily achievable to remove; (4) whether the plaintiff has standing to seek either damages or injunctive relief; and (5) the nature and extent of damages, if any.

**4.    Motions**

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

<u>Defendant</u>: anticipates filing a Motion for Judgment on the Pleadings on the issue of subject matter jurisdiction, or if necessary, a Motion for Summary judgment.  Defendants also intend to ask this Court to decline subject matter jurisdiction.

**5.    Amendment of Pleadings**

<u>Plaintiff</u>: Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports* (US) Inc., 631 F.3d 939 (9th Cir. 2011).

<u>Defendant</u>: Defendant does not anticipate any need to amend the pleadings.

**6.    Evidence Preservation**

The Parties agree to make efforts to preserve all discoverable information, regardless of the format in which it is kept (email, database, paper file, etc.).

The parties are unaware of any issues in this regard at this time.

//

**7.     Disclosure**

The Parties do not seek any changes to the form or requirements for initial disclosures. The parties have exchanged initial disclosures.

**8.     Rule 26 Discovery Plan**

1. <u>Discovery Subjects</u>

<u>Plaintiff</u> intends to seek discovery related to: (1) the ownership and operation of the business; (2) lack of wheelchair accessible dining surface at the Restaurant; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of Defendant and to conduct an expert site inspection.

<u>Defendant</u>:

Defendant intends to seek discovery related to (1) Johnson's litigation history, both at the time in question and previously, (2) whether he actually visited the business as alleged in the Complaint, (3) Johnson's avowed status as a "tester", (4) whether Johnson experienced any barriers, (5) whether Johnson had and has a bona fide intent to return to the business and (6) whether Johnson had a bona fide intent to patronize the business at the time of his purported visit(s).  Defendant intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of Johnson, and if necessary, any designated expert.

      The Parties do not propose to conduct discovery in phases. The parties agree to electronic service in this matter. Documents sent to the appropriate e-mail addresses for the respective parties below shall be deemed served the day it is received by e-mail if received before 5:00 PM PST, or the following weekday if served after. The parties agree that service under this agreement shall be entitled to the benefits of FRCP 6(d). Either party may modify their service list by providing notice to the below listed service addresses with the new e-mail addresses to be served.

<u>Plaintiff</u>: serve@potterhandy.com and Candicec@potterhandy.com

<u>Defendant</u>: pstillman@stillmanassociates.com

2.  <u>Changes in Limitations on Discovery</u>

The parties request no deviation from the Federal and Local Rules.

**9.    Class Actions**

N/A.

**10.   Related Cases**

<u>Plaintiff</u> is unaware of any related cases.

<u>Defendant</u> contends that, at a minimum, the following cases are related:

Johnson v. Yuan Corporation (5:21-cv-05817-BLF) (273 Castro St, Mountain View, CA 94041)

Johnson v. Robert S. Fischer (236 Hamilton Ave, Palo Alto, CA 94301)

Johnson v. Vinh Hang Restaurant Corp. (3:21-cv-08338-RS) (1065 Holly St, San Carlos, CA 94070)

Johnson v. Jasmine Kocha Corp (3129 Meridian Ave., San Jose, CA 95124)

Johnson v. Decker Oaks Investors, LLC (384 University Ave, Palo Alto, CA 94301)

Johnson v. Taste PA Inc. (5:21-cv-05766-BLF) (423 University Ave, Palo Alto, CA 94301)

Johnson v. Oasis Enterprise LLC (1040 Grant Rd, Mountain View, CA 94040)

Johnson v. Siam Royal, Inc. (338 University Ave, Palo Alto, CA 94301)

Johnson v. Burma Ruby Investment LLC (326 University Ave, Palo Alto, CA 94301)

Johnson v. Oneteam Restaurant PA, LP (185 University Ave, Palo Alto, CA 94301)

Johnson v. Mint Leaf Cuisine LLC (217 N Santa Cruz Ave, Los Gatos, CA 95030)

Johnson v. Strawberry Park, LLC (603 Saratoga Ave, San Jose, CA 95129)

Johnson v. Tea Cub Parlor Inc. (175 E El Camino Real, Mountain View, CA 94040).

**11.   Relief**

Plaintiff: claims injunctive relief, attorney fees and damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

Defendant: seeks a dismissal with prejudice, and reasonable attorney's fees if appropriate.

**12. Settlement and ADR**

The parties attended a Settlement Conference on July 21, 2022, before Magistrate Judge Sallie Kim, but have been unable to reach a settlement in this case.

**13. Consent to Magistrate Judge for All Purposes**

Plaintiff: consents to have a Magistrate Judge preside over this case.

Defendant: consents to have a Magistrate Judge preside over this case.

**14. Other References**

None

**15. Narrowing of issues**

None

**16. Expedited Trial Procedure**

The parties do not believe that this case is suitable for an expedited schedule.

**17. Scheduling**

Plaintiff proposes:

The date for Disclosures of Expert Witness as July 3, 2023

Discovery Cut-Off of August 14, 2023

  Law and Motion Cut-Off of September 11, 2023

  Pre-trial Conference date of October 23, 2023

  Trial date of November 7, 2023

  <u>Defendant</u> proposes:

  The date for Disclosures of Expert Witness as July 3, 2023

  Discovery Cut-Off of August 14, 2023

  Law and Motion Cut-Off of September 11, 2023

  Pre-trial Conference date of October 23, 2023

  Trial date of November 7, 2023

**18.**  **Trial**

  <u>Plaintiff</u>: has requested a Court trial and anticipates a 2-3 day trial.
  <u>Defendant</u>: anticipates a 2-3 day bench trial.

**19.**  **Disclosure of Non-Party Interested Entities or Person**

  <u>Plaintiff</u>: There are no interested parties other than the Plaintiff.
  <u>Defendant</u>: There are no interested parties other than the Defendant(s).

**20.**  **Professional Conduct**

  Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.**  **Other Matters**

  None

Dated: August 10, 2022                CENTER FOR DISABILITY ACCESS


By:  */s/Prathima Price*
Prathima Price
Attorney for Plaintiff


Dated: August 10, 2022                STILLMAN & ASSOCIATES


By:  */s/Philip H. Stillman*
Philip H. Stillman, Esq.
Attorney for Defendant

## **SIGNATURE ATTESTATION**

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: August 10, 2022                           CENTER FOR DISABILITY ACCESS

                                                 By: */s/Prathima Price*
                                                 Prathima Price
                                                 Attorney for Plaintiff

# EXHIBIT A
## PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Parties Request |
| --- | --- | --- |
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 5/15/2023 |
| Non-Expert Discovery Cut-Off | 15 | 7/24/2023 |
| Expert Discovery Cut-Off | 12 | 8/14/2023 |
| Last Day to Conduct Settlement Proceedings | 10 | 8/28/2023 |
| Last Day for Law and Motion Hearings | 8 | 9/11/2023 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 10/23/2023 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 10/30/2023 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 11/3/2023 |
| Trial **(Tuesday at 9:00 a.m.)** |  | 11/7/2023 |